**Randal F. BLACK, C.O. Daniel and Lisa Jeanine Sudderth, Appellants,**

**v.**

**VICTORIA LLOYDS INSURANCE COMPANY, Appellee.**

**No. B14–87–794–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 30, 1989.

Rehearing Denied May 18, 1989.

and under *Hoobler's* holding, a reversal and retrial is mandated. Who suffers? The State and the people.

Kathryn A. Knobloch, Jimmy Williamson, Houston, for appellants.

Michael C. Neel, Robert L. LeBoeuf, Charles Seymore, Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a summary judgment. On January 20, 1982, Appellee Victoria Lloyds Insurance Company issued to Statewide Trucking, Inc., d/b/a Wood Brothers Transfer, Inc., policies of liability insurance covering vehicles owned or leased and operated by those entities in their business of providing motor carrier transportation services. Statewide and Wood Brothers were the named insureds on those policies which complied with the requirements of TEX.REV.CIV.ST.ANN. art. 911b (Vernon Supp.1989), the Motor Carriers Act. Coverage specifically excluded the owner, lessor or any agent or employee thereof while the vehicle was not being used exclusively in the business of the named insured and over a route the named insured was authorized to serve.

On February 23, 1982, Appellant C.O. Daniel "leased on" with Wood Brothers. Under the lease arrangement, the truck which he owned was leased to Wood Brothers for Daniel's use as an independent contractor in conducting Wood Brothers' business. While the lease is silent on the subject of liability insurance, all parties agree that Daniel's truck was covered under Wood Brothers' liability insurance policy. Daniel was responsible for payment of the premium, however, which Wood Brothers deducted from his pay checks. In compliance with the insurance requirements of the Texas Railroad Commission and article 911b, *supra*, Daniel was given a "cab card." This card, which is to be carried by all motor carriers, is issued only after proof of required minimum liability insurance has been furnished to the Railroad Commission by a registered motor carrier. In addition, Daniel received an insurance "identification card" which is reproduced below:

(FRONT)

Victoria Lloyds

Houston, Texas

IDENTIFICATION CARD

Policy Number GLA 0550 Expires 1/20/83

Insured 1) Wood Brothers Transfer, Inc.

2) Statewide Trucking
2410 Commerce
Houston, Texas 77003

Agent SUMMIT GENERAL AGENCY, INC.

(BACK)

THIS POLICY COMPLIES WITH THE COMPULSORY AUTO LAWS OF THE STATE OF TEXAS

IF YOU HAVE AN AUTOMOBILE ACCIDENT

1. Stay calm. DO NOT leave the scene.

2. Do not discuss the accident with anyone but the police or an authorized representative of Victoria Lloyds.

3. Be sure to obtain: The owner and driver's name, address, license number, both plate and driver's license number, their insurance company, name and address of injured persons and extent of injury and witnesses' names and addresses.

4. Write down the details.

5. As soon as possible, notify your agent or the Insurance Company, 1–713/527–0444, 3131 W. Alabama, Houston, Texas 77098.

On October 6, 1982, Appellant Lisa Sudderth, daughter of C.O. Daniel, was driving Daniel's truck on a personal errand. She was involved in an accident with Appellant Randal F. Black who was seriously injured as a result. Victoria Lloyds denied coverage. Black sued Sudderth, Daniel, Wood Brothers, Statewide and Victoria Lloyds. Sudderth and Daniel filed a cross action against the other defendants. Upon motion, the parties were realigned and the cross action, now with Black, Sudderth and Daniel against Wood Brothers, Statewide Trucking, and Victoria Lloyds, was severed. The auto collision case against Daniel and Sudderth then proceeded to trial. A jury awarded Black judgment against Sudderth.

In the cross action, Black, Sudderth and Daniel eventually nonsuited Wood Brothers and Statewide. The trial court then granted a final summary judgment in favor of Victoria Lloyds. It is that summary judgment which is before us on appeal.

A defendant who moves for summary judgment has the burden to show as a matter of law that no material issue of fact exists as to each of the plaintiff's causes of action. *Citizens First National Bank v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex.1976). In other words, the defendant must show that the plaintiff could not prevail at trial on any theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428 (Tex. 1983); *Smith v. Muckelroy Enterprises*, 537 S.W.2d 104, 105–106 (Tex.Civ.App.—Tyler 1976, no writ). The defendant may accomplish this by showing that at least one element of each of the plaintiff's causes of action has been established against the plaintiff. When a summary judgment order does not state the specific grounds upon which it is granted, a party appealing from such order must show that each of the independent arguments alleged in the motion is insufficient to support the order. *McCrea v. Cubilla Condominium Corporation*, 685 S.W.2d 755, 757 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). On review, evidence favorable to the non-movant will be taken as true and every reasonable inference to be drawn therefrom will be indulged in his favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985).

In this case, the relevant facts are not disputed. Neither are the terms of the coverage provided by the Victoria Lloyds insurance policy which actually was in effect at the time of the collision. Daniel claims that when he leased on with Wood Brothers a representative of Wood Brothers provided him with the ID. He was told that Wood Brothers had liability but not collision insurance on their "hired" trucks. He was not told that the coverage was limited to only those times when the truck was being used for Wood Brothers' business, nor was he informed of the existence of "bob-tail" coverage to supplement the company's policy. Wood Brothers also told Daniel that he was responsible for payment of the insurance premium which would be deducted from his pay. He believed, without making inquiry, that the insurance provided by Wood Brothers included liability for all uses of the truck, both business and personal. He does not claim, however, that anyone at Victoria Lloyds represented this to be the case. In fact, neither Daniel nor Victoria Lloyds claim to have had any direct contact with each other. The only

"representation" made to Daniel by Victoria Lloyds was the ID card issued to Wood Brothers and supplied to him by them. Daniel was not given a copy of the insurance policy nor did he request one prior to the occurrence of the accident.

Plaintiffs pleaded that the gratuitous issuance of the identification card in a form substantially similar to that suggested by the Safety Responsibility Act, TEX.REV. CIV.STAT.ANN., art. 6701h § 1B(b) (Vernon, 1981) and in addition to the "cab card" required by art. 911b § 13, constituted a misrepresentation by the insurance company that the truck was insured under both statutes. Daniel claims he relied on this misrepresentation in not obtaining additional insurance to cover the use of his truck for personal errands. In addition to pleading this misrepresentation which allegedly violated the Deceptive Trade Practices–Consumer Protection Act and Section 21.21 of the Insurance Code, plaintiffs also alleged that Victoria Lloyds was negligent (1) in its failure to inform Daniel of the policy terms and limitations; (2) in its failure to defend Daniel or Sudderth; (3) in its failure to agree to a consent judgment; and (4) in its failure to notify the excess carrier and offer it the opportunity to defend or settle the case. Plaintiff also claimed Victoria Lloyds breached its duty of good faith and fair dealing by virtue of its failure to settle or defend.

As grounds for summary judgment, Victoria Lloyds contended (1) that there was no misrepresentation as a matter of law, (2) that there was no coverage for the accident in question, and (3) that Black and Sudderth had no standing to bring actions for misrepresentation since, if any misrepresentation were made, it was not made to them. In granting the summary judgment without specifying the grounds therefor, the trial court impliedly relied on all the arguments presented in the motion.

Appellants bring seven points of error challenging the judgment. In points one and two appellants argue that the court erred in granting the summary judgment because appellee's motion failed to address all causes of action and to negate fact issues as to one essential element in each cause of action plead by appellants. Points three and four challenge the court's finding that there was no misrepresentation as a matter of law alleging that the insurance card represented that the policy was issued pursuant to art. 6701h when it was not. This misrepresentation, according to appellants, was a violation of art. 17.46 of the Deceptive Trade Practices–Consumer Protection Act and art. 21.21 of the Insurance Code. Points five and six challenge the holding that Sudderth and Black lacked standing. Point five alleges that Sudderth is a consumer under the DTPA, a person injured under art. 21.21, an insured on the policy under certain circumstances and an assignee of Daniel and Black. Similarly, point six claims Black had standing because he is a statutorily intended beneficiary of an automobile liability insurance contract, a person injured under art. 21.21, a judgment creditor of Sudderth and an assignee of Daniel. Point of error seven contends that the court erred in holding there was no coverage for Sudderth.

Section 1A(a) of the Safety Responsibility Act, art. 6701h, as amended in 1981, provides as follows:

> On and after January 1, 1982, no motor vehicle[1] may be operated in this state unless a policy of automobile liability insurance in at least the minimum amounts to provide evidence of financial responsibility under this Act is in effect *to insure against potential losses which may arise out of the operation of that vehicle.* TEX.ANN.CIV.STAT.ANN. art. 6701h, § 1A(a) (Vernon 1981). (Emphasis added.)

The coverage required by this statute differs from that required by the Motor Carriers Act which provides that before

---

1. Subsection (b) of Section 1A exempts certain vehicles from the requirements of subsection (a).

any permit or certificate (cab card) may be issued to a motor carrier,

> such motor carrier shall file with the Commission bonds and/or insurance policies ... which ... shall provide that the obligor therein will pay to the extent of the face amount of such insurance policies ... *all judgments* which may be recovered *against the motor carrier* so filing ... based on claims ... *arising out of the actual operation of such motor carrier* ... so as to provide continuous and unbroken protection to the public having legal claims *against such motor carrier* ... TEX.REV.CIV.STAT. ANN. art. 911b § 13 (Vernon 1964). (Emphasis added.)

■ Daniel contends that by issuing the identification card in addition to the cab card, Victoria Lloyds misrepresented the extent of the coverage on his truck. In granting the summary judgment, the trial court found that there was no misrepresentation as a matter of law. We agree.

In support of his theory of misrepresentation, Daniel relies on cases which involve specific and overt misrepresentations by the insurer or its agent. For example, *Aetna v. Marshall,* 724 S.W.2d 770 (Tex. 1987) involved specific terms of a compromise settlement agreement with which the insurance carrier failed to comply. *Royal Globe Insurance Company v. Bar Consultants,* 577 S.W.2d 688 (Tex.1979) involved specific assurances by the carrier's local recording agent made in response to direct inquiry by the insured that the insured was "totally covered" for vandalism. In addition, in the first policy year the insurer had paid one claim for vandalism. Two years later it denied a similar claim. *Hope v. Allstate,* 719 S.W.2d 634 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.) dealt with an agent's specific representation to the policy holder that the limits of coverage had been increased from one level to another. These cases and the others cited by appellants obviously rely on express representations of the precise nature and extent of coverage provided.

In contrast to the specific representations regarding coverage with which these cases were concerned, the identification card issued to Daniel simply stated that the insurance policy issued to Wood Brothers and Statewide complied with "the compulsory auto laws of the state of Texas." While the card conformed with the suggestions of article 6701h Sec. 1B(b) for satisfactory proof of insurance, it did not purport to identify which auto laws were being complied with nor did it state that the policy complied with article 6701h in particular. It did not purport to set out any policy terms, exclusions or limitations, nor could it reasonably be expected to do so.

The purpose of such an identification card, which need not be issued in any particular form, is merely to furnish evidence to a law enforcement officer or a party involved in an accident that a liability insurance policy in at least the minimum amounts required has been issued. Tex. Rev.Civ.Stat.Ann. art. 6701h § 1B(a) provides as follows:

> Sec. 1B(a) On and after January 1, 1982, every owner and/or operator in the State of Texas shall be required, as a condition of driving, to furnish, upon request, evidence of financial responsibility to a law enforcement officer of the State of Texas or any subdivision thereof, or agent of the Department, or to another person involved in an accident.
>
> (b) The following evidence of financial responsibility satisfies the requirement of Subsection (a) of this section:
>
> (1) a liability insurance policy in the minimum limits required by this Act or a photocopy of that policy;
>
> (2) a written instrument issued by a liability insurer that includes:
>
> (A) the name of the insurer;
>
> (B) the insurance policy number;
>
> (C) the policy period;
>
> (D) the name of the insured; and
>
> (E) the policy limits or a statement that the coverage of the policy complies with the minimum amount of liability insurance required by this Act;
>
> (3) an insurance binder that confirms to the satisfaction of a law enforcement

officer or an agent of the Department that the owner and/or operator is in compliance with this Act; or

(4) a copy of a certificate issued by the Department showing that the vehicle is covered by self-insurance.

It is clear from the statutory language that the card is not issued or intended as a statement to the policy holder of the terms of the policy. While the card may be issued as a convenience, its issuance is not required by law. In lieu of an ID card as proof of coverage, an operator may carry the insurance policy or binder or a certificate of self-insurance. Furthermore, the card can only represent that the minimum insurance required was in effect on the date of the issuance of the card. It is not a warranty that coverage remains in effect. The insurer's liability is not affected or extended by the issuance of an ID card if an insured cancels the policy or fails to pay the premiums. So long as the minimum insurance requirements are met at the time the card is issued, the card cannot constitute a misrepresentation as a matter of law.

■ Appellant also claims that misrepresentation under the DTPA and Article 21.-21 includes the "omission to state a material fact" and the making of any statement "in such a manner" as to mislead. It was agreed by all parties that Victoria Lloyds did not make any statement to Daniel other than the issuance of the ID card and the "statement" thereon. We find that the card stated correctly the fact of the existence of a policy of liability insurance. The policy issued to Wood Brothers did comply with the "compulsory auto laws" as claimed. The insurance required by article 911b on motor carriers was in effect and article 6701h, § 33 exempts from the operation of that act "any motor vehicle which is subject to the requirements of Articles 911a and 911b." Therefore there was no "omission" or "misleading statement" made by the issuance of the card.

In the absence of any misrepresentation by Victoria Lloyds, appellants' causes of action under the Deceptive Trade Practices–Consumer Protection Act and Article 21.21 of the Insurance Code are negated as a matter of law. In addition, the absence of a misrepresentation negates the appellants' cause of action for Victoria Lloyds' negligent misrepresentation as well. Summary judgment as to those causes of action was therefore proper. Appellants' points of error one through four are overruled.

■ Furthermore, since there was no misrepresentation, there can be no reliance. Therefore neither Sudderth nor Black can claim the status of "persons injured" as that term is used in Section 16(a) of Art. 21.21. *See Royal Globe Insurance Company v. Bar Consultants, Inc.,* 577 S.W.2d at 694.

■ The policy issued to Wood Brothers in compliance with article 911b provided coverage on Daniel's truck only when it was being used in Wood Brothers' business as a motor carrier. Therefore, there was no coverage on the occasion in question when Daniel's daughter, Lisa Sudderth, was driving the truck on a personal errand. Since there was no coverage for the accident involving Randall Black, there was no negligence or bad faith in Victoria Lloyd's failure to settle or defend the case or its failure to pay the judgment rendered against Sudderth. Appellant's remaining points of error are overruled.

The summary judgment is affirmed.