Stanley L. JAMES, Individually and as Personal Representative of The Estate of Bernice James, Deceased; Robin James Mayo, Pamela James Ansell, Nancy James and Leslie James King, Appellants,

v.

PERSONA CARE OF SAN ANTONIO, d/b/a Normandy Terrace, Normandy Terrace—Northeast, Appellee.

No. 04–96–00493–CV.

Court of Appeals of Texas, San Antonio.

Aug. 27, 1997.

Don W. King, Jr., Arlington, for Appellants.

Joe Frazier Brown, Jr., Edward C. Mainz, Jr., Thornton, Summers, Biechlin, Dunham & Brown, L.C., San Antonio, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and HILL, JJ.[1]

## OPINION

JOHN G. HILL, Justice (Assigned).

In this medical malpractice action, Stanley L. James, individually and as personal representative of the estate of Bernice James, deceased; Robin James Mayo; Pamela James Ansell; Nancy James; and Lesley James King appeal from a summary judgment that they take nothing in their suit against Persona Care of San Antonio, d/b/a Normandy Terrace, Normandy Terrace—Northeast, the appellee, because their suit is barred by the statute of limitations. They

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas.

contend in a single point of error that the trial court erred in granting Persona's motion for summary judgment because Persona's violation of sec. 4.01(d) of article 4590i, TEX.REV.CIV. STAT. ANN. (Vernon Supp.1997), the Texas Medical Malpractice Act, tolled the statute of limitations beyond the 75–day period provided by sec. 4.01(c) of the Act.

■ We affirm because the statute does not provide for an additional tolling period in the event a defendant does not comply with the requirements of sec. 4.01(d) of the Act by not providing records and because no such claim may ever be timely launched more than two years and seventy-five days after its accrual.

Bernice James broke her left arm and hip while in the care of Persona. She was transferred from Persona to the Brooke Army Medical Center on March 4, 1993, where she died shortly thereafter.

Summary judgment for a defendant is proper when the evidence establishes that there is no genuine issue of material fact concerning one or more of the essential elements of the plaintiff's cause of action, or when each element of an affirmative defense to plaintiff's cause of action is established as a matter of law. *Black v. Victoria Lloyds Insurance Co.*, 797 S.W.2d 20, 27 (Tex.1990).

Section 10.01 of the Act provides that notwithstanding any other law, a person may not bring a health care liability claim unless the person files the action within two years from the occurrence of the tort. When one gives notice of the claim to the potential defendant, the statute of limitations is tolled for seventy-five days. Sec. 4.01(c) of the Act.

This claim could not have accrued later than March 4, 1993, the date that Bernice James was transferred from Persona to Brooke Army Medical Center. The appellants gave notice of their claim as required by sec. 4.01(a) of the Act. The deadline for filing the claim in this case could have been no later than May 18, 1995, two years and seventy-five days from March 4, 1993. Consequently, the appellants' claim is barred by the statute of limitations contained in the Act.

■ The appellants argue that the appellee did not timely provide complete records as required by the Act and that the tolling period should be extended because of the appellee's failure. They rely on legislative history that indicates that the 60–day period prior to filing suit was for the purpose of evaluating the claim to determine its validity or to negotiate a settlement of the claim at the outset. They acknowledge that the statute abolishes the discovery rule, *see Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996), but they contend that Persona's failure to timely produce the required records should restore the discovery rule within the Act. Basically, they urge that they did not have the time contemplated by the statute to consider the validity of the claim or to negotiate a settlement prior to the required filing date.

The appellants sent the required notice on February 9, 1995. Partial records were received by the appellants from Persona in late February or early March. They received all of the records from Persona by late April, 1995, before the May 18 deadline. They did not file suit until June 2, 1995.

The appellants' argument that Persona's failure to timely produce the records it was required by the Act to produce should result in an additional tolling period has some equitable merit; however, the Act does not provide for such an additional tolling period due to the failure to timely produce records, and the Texas Supreme Court has declared that no claim under the Act may ever be timely launched more than two years and seventy-five days after its accrual. *De Checa v. Diagnostic Center Hosp., Inc.*, 852 S.W.2d 935, 938 (Tex.1993). We overrule the appellants' sole point of error.

The judgment is affirmed.