**Nicki WEST, Individually and as Next Friend of Justin West, Appellant,**

v.

**CITY OF CRANDALL, Texas, Appellee.**

No. 05–03–00729–CV.

Court of Appeals of Texas, Dallas.

July 29, 2004.

Jeffrey Todd Robnett, Law Office of Jeff Robnett, Midland, for Appellant.

Paul K. Pearce, Jr., Robert J. Davis, Matthews, Carlton, Stein, Shiels, Pearce, Dunn & Knott, Dallas, for Appellee.

Before Justices MORRIS, FITZGERALD, and FRANCIS.

## OPINION

Opinion by Justice FITZGERALD.

Nicki West, individually and as next friend for her son Justin, appeals the take-nothing summary judgment order rendered by the trial court in favor of the City of Crandall, Texas (the "City"). In a single issue, appellant argues the trial court erroneously granted the City's motion because genuine issues of material fact preclude summary judgment in this case. We affirm the trial court's order.

### BACKGROUND

Summary judgment evidence indicates Justin and two of his friends, Heather Andrews and Cody West, went to a City-owned park on the afternoon of June 22, 1999. The three were teenagers on summer vacation; on the date of the incident, Justin was approximately one month shy of his sixteenth birthday. The teenagers played first on a slide and a jungle gym,

and then on a swing set. The swing set was not anchored in the ground, and—although both Justin and Heather took a turn swinging without incident—when Cody took his turn, the legs of the swing set rose up and down with his movements.[1] Justin testified that he was standing in front of the swing set and warned Cody to slow down because the swing set was probably going to fall. Eventually the swing set did fall over, landing on Justin and injuring him.

Appellant sued the City for negligence, and her petition included allegations of attractive nuisance, res ipsa loquitur, and gross negligence. In anticipation of an immunity defense, appellant also pleaded that the City was engaged in a proprietary function in maintaining the park and that her son's injury stemmed from the City's use of tangible property. The City answered, and discovery ensued. In response to an interrogatory from appellant, the City described its activities related to the swing set around the time of Justin's injury:

> [T]he Public Works crew [began] moving dirt to Web Park from a construction project at the City's wastewater treatment plant to raise and level the ground at the Park. Around that time, the Public Works crew removed the swing set and other park equipment and relocated it to the northwest corner of the Park. The swing set was laid on its side to discourage people from using it until the project was completed.

More than two years after the case was filed, the City moved for summary judgment on both traditional and no-evidence grounds. The motion set forth five bases for judgment:

---

1. Summary judgment evidence indicates that at the time of the incident Justin was approximately five feet, seven inches tall and weighed 145 to 150 pounds. Cody was approximately six feet tall and weighed 220 pounds.

(1) Pursuant to the Recreational Use Act, TEX. CIV. PRAC. & REM.CODE ANN. § 75.001 *et seq.* (Vernon Supp.2004), the City owed the teenagers only the duty owed to a trespasser, and the City did not breach that duty as a matter of law;

(2) Alternatively, pursuant to the Torts Claim Act, TEX. CIV. PRAC. & REM.CODE ANN. § 101.001 *et seq.* (Vernon 1997 and Supp.2004), appellant's claims (a) are not within the City's limited waiver of tort immunity, or (b) alternatively, are subject to analysis under the duty owed a licensee, which the City did not breach as a matter of law;

(3) Appellant's attractive nuisance theory is barred as matter of law;

(4) Appellant's res ipsa loquitur claim is subject to the City's unwaived immunity or, alternatively, implicates no duty that was breached by the City; and

(5) After adequate time for discovery, there is no evidence that:

> (a) the City breached any duty under the Recreational Use Act;
>
> (b) the City breached any legal duty owed to appellant;
>
> (c) Justin did not have actual knowledge of the purported dangerous condition;
>
> (d) the City had actual knowledge of the purported dangerous condition;
>
> (e) the attractive nuisance claims are not barred by the Tort Claims Act;
>
> (f) appellant can prevail on its res ipsa loquitur claim;
>
> (g) the City is not entitled to governmental immunity.

The City's summary judgment evidence included excerpts from the depositions of appellant and Justin. It also included the affidavit of Shannon Barnes, a City employee who testified she had been by the park three days before the incident, and she saw the swing set "laying completely down" and "clearly not operational." Finally, the City's evidence included the affidavit of Moss Kines, a representative of the City's volunteer fire department, who was called to the scene of the incident. Kines testified that Cody told him that he and Justin found the swing set laying on the ground, stood it back up, and were swinging when the accident occurred.

Appellant responded to the City's motion with affidavits from Justin and Cody that categorically denied standing the swing set up or telling anyone they had done so. Appellant also submitted the City's responses to appellant's interrogatories, which described the City's activities *viz a viz* the swing set before and after the incident. Based on this evidence, appellant argued summary judgment would be inappropriate because there were material issues of fact on her negligence claim, whether one applied the standard in the Recreational Use Act or the standard in the Tort Claims Act. Appellant did not respond to the City's arguments related to her allegations of attractive nuisance or res ipsa loquitur.

The trial judge granted the City's motion without specifying particular grounds for his ruling. This appeal followed.

## STANDARDS OF REVIEW

Appellees' motion for summary judgment included traditional grounds and no-evidence grounds; we review both types of grounds under well-settled standards. In a traditional motion, the party moving for summary judgment has the burden of showing there is no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). A traditional movant has the burden of proving all essential elements of its cause of action or defense

as a matter of law. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990). By contrast, when a party moves for summary judgment under rule 166a(i), asserting that no evidence exists as to one or more elements of a claim on which the nonmovant would have the burden of proof at trial, the burden is on the nonmovant to present enough evidence to raise a genuine issue of material fact on each of the challenged elements. TEX.R. CIV. P. 166a(i); *Gen. Mills Rest., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832 (Tex.App.-Dallas 2000, no pet.). If the nonmovant fails to do so, the trial judge must grant the motion. *Id.* When, as in this case, the trial judge grants summary judgment without specifying the basis for his ruling, we affirm the judgment if any of the movant's theories are meritorious. *Rogers v. Ricane Enter., Inc.*, 772 S.W.2d 76, 79 (Tex.1989).

## THE RECREATIONAL USE ACT

■ Appellant's single issue avers that the trial court erroneously granted summary judgment in favor of the City because genuine issues of material fact exist, precluding summary judgment in this case. Specifically, appellant argues that the City is not entitled to summary judgment on her premises liability claim under either the standard of the Recreational Use Act or the Tort Claims Act.[2] We conclude at the outset that the Recreational Use Act governs the negligence claim in this case: section 75.003 specifically states that the Recreational Use Act controls in any claim that would otherwise be governed by the Torts Claim Act. TEX. CIV. PRAC. & REM. CODE § 75.003(g). We review the City's summary judgment motion, therefore, to determine whether the City is entitled to

summary judgment based upon the standard set forth in the Recreational Use Act.

■ Pursuant to the Recreational Use Act, the City does not assume a duty to the recreational users of its parks to assure the parks are safe for that purpose. *Id.* § 75.002(c)(1).[3] Indeed, the Act limits the City's duty for premises defects to that which is owed a trespasser. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex.2004); *see also* TEX. CIV. PRAC. & REM.CODE § 75.002(c)(2). The limited duty owed a trespasser is not to injure that person willfully, wantonly, or through gross negligence. *Miranda*, 133 S.W.3d at 225; *see also* TEX. CIV. PRAC. & REM.CODE § 75.002(d).

■ In this case, appellant has pleaded the City was grossly negligent. Therefore, to prevail on the City's no-evidence summary judgment motion, appellant was required to come forward with evidence, sufficient to raise a fact issue for a jury, of the City's gross negligence. Gross negligence has two components: (1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. *Louisiana–Pacific Corp. v. Andrade*, 19 S.W.3d 245, 246 (Tex. 1999). For summary judgment purposes, the City has not challenged that the unanchored swing set created an extreme degree of risk and potential harm. The City does challenge the second component, i.e., that it had actual awareness of the risk but

---

**2.** Appellant has not briefed or argued her claims based on allegations of attractive nuisance or res ipsa loquitur. Accordingly, we treat those claims as abandoned.

**3.** Justin and Cody acknowledge in their affidavits that they went to the park for recreational purposes.

nevertheless proceeded in conscious indifference to the safety and welfare of others.

Appellant's argument before this Court concerning gross negligence mirrors her summary judgment response:

> [T]he city, itself, created the extreme risk in moving the swing set and not destroying or securing it, knew of the extreme risk (Interrogatory 9 'The swing set was laid on its side to discourage people from using it . . .'), and did nothing to protect Justin and those similarly situated from the extreme risk— that the swing set would be set upright by city employees or other unknown persons and that individuals, like Justin and his friends would use the swing set with no knowledge of the inherent risk involved.

Appellant offers no more than her own bare allegation that taking the swing set down, moving it to corner of the park, and setting it on its side was grossly negligent. There is no evidence anyone was injured in any way during the time the swing set was removed. Indeed, appellant's own summary judgment evidence—the City's interrogatory responses—affirmatively indicates the City *was* concerned about safety and welfare in its removal and placement of the swing set so as to "discourage people from using it."

Even if we assume, without deciding, that placing the unanchored swing set back in the ground without warning was grossly negligent, appellant has still failed to raise a fact issue concerning the City's breach of duty. We agree with appellant that her summary judgment evidence raised a fact issue concerning whether the teenagers themselves set the swing set back into the ground. However, we find absolutely no evidence indicating the City set the swing set back into the ground. To satisfy the subjective component of the gross negligence standard, a plaintiff must show the defendant knew about the peril, but its acts or omissions demonstrated that it did not care. *Andrade*, 19 S.W.3d at 247. A plaintiff may establish the defendant's mental state by circumstantial evidence. *Id.* However, here there is simply no evidence—whether direct or circumstantial—indicating either the City was responsible for replacing the unanchored swing set or the City knew the swing set had been replaced. The affidavit of Shannon Barnes, a City employee, establishes that three days before the incident the swing set was laying down and was not operational. No other summary judgment evidence speaks to the City's knowledge that the swings had been raised but not anchored. In the absence of any evidence the City knew about the peril, but its acts or omissions demonstrated that it did not care, there is no evidence of the subjective prong of the gross negligence standard. *See id.* Accordingly, because there is no evidence of a breach of the duty imposed by the Recreational Use Act, the trial court appropriately granted the City's no-evidence summary judgment motion on that ground.[4]

## CONCLUSION

The trial court correctly granted summary judgment in the City's favor. We affirm the trial court's order.

---

4. We note that each party complains that the trial court improperly refused to grant its objections to the other party's summary judgment evidence. Appellant cites no authority in support of her evidentiary objections. Consequently, her argument is inadequately briefed and presents nothing for review. TEX. R.APP P. 38.1(h); *see also McIntyre v. Wilson,* 50 S.W.3d 674, 682 (Tex.App.-Dallas 2001, pet. denied). Given our disposition of the City's substantive issue, we need not reach its evidentiary concerns.