**Opinion issued August 29, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00520-CV

———————————

**NEXGEN BROADBAND, LLC, Appellant**

**V.**

**QUANTA TELECOMMUNICATION SERVICES, LLC, Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-50818**

---

## MEMORANDUM OPINION

This appeal stems from a dispute between Appellant NexGen Broadband, LLC and Appellee Quanta Telecommunication Services, LLC over an unpaid invoice. Quanta sued NexGen for breach of contract, fraud, and declaratory judgment and NexGen asserted counterclaims for the same causes of action.

Quanta filed a traditional and no-evidence motion for partial summary judgment on its contract and declaratory judgment claims and NexGen's counterclaims. NexGen did not respond to the motion and the trial court granted a partial summary judgment in favor of Quanta for $1,309,234. Quanta then filed a nonsuit of its remaining claim for fraud, and the trial court signed the nonsuit.

In six issues, NexGen argues (1) the trial court abused its discretion in failing to rule on NexGen's motion for hearing on Quanta's motion for partial summary judgment; (2) the trial court abused its discretion by granting Quanta's motion for summary judgment "by default"; (3) the order of nonsuit was not a final judgment; (4) the trial court abused its discretion in failing to grant NexGen's motion for new trial; (5) the trial court abused its discretion in granting Quanta's motion for summary judgment "based on the credibility of a deponent"; and (6) the trial court abused its discretion in awarding damages and attorneys' fees.

We affirm.

**The Underlying Dispute**

This appeal involves a dispute over payment of an invoice for a fiber optic project. Pursuant to the parties' master services agreement, NexGen would issue work or purchase orders for Quanta to perform "engineering, procurement, site acquisition, regulatory, construction, and project management services" for construction of a fiber optic network in four states. According to Quanta's

pleadings, the orders were for "construction drawings showing methodology and location of fiber installation" but excluded "[a]ll permitting" from the scope of the job.

The master services agreement required Quanta to "produce all engineering drawings, structural calculations and other architectural and engineering services necessary for the permitting and construction of the Project." According to NexGen, Quanta produced "hundreds of drawings" that were rejected by the permitting authorities and "required revision before construction permits could be issued and construction could begin." NexGen alleged that Quanta failed to revise its drawings in order to enable NexGen to obtain permits for construction of the project.

Quanta contends it performed the work contemplated under four of NexGen's work and purchase orders and that in December 2017, it invoiced NexGen approximately $1.3 million for the work. NexGen avers it did not pay Quanta's invoice because Quanta "did not fulfill its obligations to NexGen" under the master services agreement.

Quanta sued NexGen for breach of contract, fraud, and declaratory judgment. Quanta alleged that NexGen's failure to pay the invoice was a breach of the master services agreement and that NexGen committed fraud by falsely representing that it would pay Quanta for its work. Quanta sought a declaratory

3

judgment that under the master services agreement, the exclusion of "all permitting" excluded from Quanta's scope of work "any work associated with the creation of drawings for permitting purposes."

NexGen filed a counterclaim for breach of contract, alleging Quanta breached the master services agreement by failing to provide drawings satisfactory to the permitting authorities. NexGen also counterclaimed for fraud, alleging Quanta represented it would produce engineering drawings to enable NexGen to construct the fiber optic project but failed to do so. NexGen also sought a declaratory judgment that it was not liable for performance or nonperformance of the master services agreement given Quanta's breach of the agreement.[1] NexGen sought $343 million in damages.

**Summary Judgment Motion and the Subsequent Motions**

On December 19, 2022, Quanta filed a motion for traditional and no-evidence partial summary judgment and a notice of submission.[2] The summary

---

[1] NexGen originally filed several counterclaims in the suit filed by Quanta, but the counterclaims were dismissed for failure to file a certificate of merit. NexGen filed a separate lawsuit and its suit was consolidated with Quanta's lawsuit. NexGen's latest amended counterclaim asserts only claims for breach of contract, fraud, and declaratory relief. *See Town Park Ctr., LLC v. City of Sealy*, 639 S.W.3d 170, 195 (Tex. App.—Houston [1st Dist.] 2021, no pet.) ("When an amended pleading is filed, the amended pleading supersedes and supplants the prior pleading, which may no longer be considered.") (citing TEX. R. CIV. P. 65).

[2] Quanta first filed a traditional and no-evidence motion for summary judgment in July 2021. That motion was denied and has no bearing on this appeal. Moreover, although the pleadings from the first summary judgment motion are in Appellant's

4

judgment motion addressed Quanta's contract and declaratory judgment claims and NexGen's three counterclaims. Quanta set the motion for written submission on January 9, 2023. On December 27, 2022, NexGen filed a request for oral hearing and a motion for continuance of the summary judgment hearing. Emails between the parties on January 3, 2023 reflect they discussed the timing of the summary judgment motion submission and trial dates. NexGen's counsel told Quanta's counsel, "I can respond to the MSJ on January 16." On January 5, 2023, the parties filed an "Agreed Motion for Continuance of Trial and Request for Hearing," asking the trial court to continue the January 23, 2023 trial setting to May 8, 2023 "so that Nex[G]en can be afforded additional time to respond to Quanta's Motion for Summary Judgment" and to set the summary judgment motion for oral hearing.

On January 6, 2023, the trial court granted the motion for continuance and continued the trial date to May 8, 2023. Three days later, Quanta filed a first amended notice of written submission with a January 30, 2023 submission date for

---

appendix, they are not in the clerk's record. Thus, even if they were relevant, we would be precluded from considering them. *See Bell v. State for S.E.G.*, 659 S.W.3d 21, 24 (Tex. App.—El Paso 2021, pet. denied) ("[W]e may not consider documents in an appendix that are not in the appellate record.") (citing *Deutsch v. Hoover, Bax & Slovacek, L.L.P.*, 97 S.W.3d 179, 198–99 (Tex. App.—Houston [14th Dist.] 2002, no pet.)); *Warriner v. Warriner*, 394 S.W.3d 240, 254 (Tex. App.—El Paso 2012, no pet.) (noting documents attached to appellate brief as appendix, but not appearing in appellate record, generally cannot be considered on review).

the summary judgment motion.  On January 10, 2023, NexGen asked Quanta to withdraw its notice of submission given the parties' agreement to request an oral hearing.  Quanta declined, explaining that the court

> requires that the motion be submitted, but permits requests for hearings.  We agreed to join in your request for a hearing, which we did.  The Court must grant the request, at which point, the clerk will advise of the hearing date.  We have to notice it for submission initially so that the Court acts on our request for a hearing.

Quanta did not withdraw its notice of the January 30, 2023 submission date for the summary judgment motion.

On January 16, 2023, NexGen filed an amended request for oral hearing on the motion.  The request mentioned the submission date of January 30, 2023.  The appellate record does not reflect that NexGen set its amended request for oral hearing for submission or asked the trial court to continue the January 30, 2023 submission date.

NexGen's response to Quanta's partial summary judgment motion was due January 23, 2023, seven days before the submission date.  *See* TEX. R. CIV. P. 166a(c).  NexGen did not file a response.  On January 30, 2023, the trial court entered an order granting Quanta's motion for partial summary judgment.[3]  That same day, NexGen asked Quanta to "set aside the summary judgment" in light of their agreement to have an oral hearing on the motion.  Quanta declined, noting

---

[3] The order granting the partial summary judgment motion included a notation that no response was filed.

6

that although it had agreed to join in NexGen's request for oral hearing, it was "ultimately up to the court to decide whether or not to grant the request for a hearing. This was all communicated to [NexGen] and the motion was properly noticed for submission on January 30th."

On April 6, 2023, NexGen filed a motion for reconsideration, but it did not set it for submission at that time. On April 21, 2023, Quanta filed a notice of nonsuit of its remaining fraud claim. The trial court signed an "Order of Non-Suit Without Prejudice" that same day. The Order provides in pertinent part

> This Order does not affect modify, or release, in any way, any of the Court's prior Orders, including the Court's January 30, 2023 Order Granting Quanta's Traditional and No-Evidence Motion for Partial Summary Judgment (the "MSJ Order").

> This Order, which explicitly incorporates the MSJ Order, finally disposes of all claims and all parties and is appealable.

Later that day, NexGen filed a notice of submission of its motion for reconsideration of the partial summary judgment. It was set for submission on May 1, 2023. NexGen filed a motion for new trial on May 19, 2023. It was overruled by operation of law on July 5, 2023. *See* TEX. R. CIV. P. 329b(c).

This appeal ensued.

### The Motion for Summary Judgment Hearing

In its first issue, NexGen argues the trial court abused its discretion by failing to rule on NexGen's motion for hearing on Quanta's motion for partial

7

summary judgment.  A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles.  *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *see also United Bus. Mach., Inc. v. Sw. Bell Media, Inc.*, 817 S.W.2d 120, 122 (Tex. App.—Houston [1st Dist.] 1991, no writ) ("To establish a clear abuse of discretion, it must be shown that the trial court's action was arbitrary or unreasonable in light of all the circumstances of the case. ") (citing *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 442–43 (Tex. 1984)).

## A.    The Hearing Requirement

As it concerns motions for summary judgment, Texas Rule of Civil Procedure 166a(c) provides that a:

> motion for summary judgment shall state the specific grounds therefor. Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response. No oral testimony shall be received at the hearing. The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other

8

response shall not be considered on appeal as grounds for reversal. A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

TEX. R. CIV. P. 166a(c). NexGen argues that Texas Rule of Civil Procedure 166a(c) "call[s] for a hearing" four times, but it concedes that a hearing may be set by written submission.[4]

Indeed, granting an oral hearing is not mandatory with respect to a summary judgment motion. *Morales Garza v. Robinson*, No. 13-17-00276-CV, 2019 WL 4021986, at \*3 (Tex. App.—Corpus Christi–Edinburg Aug. 27, 2019, no pet.) (mem. op.) (citing *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998). "The decision whether to grant an oral hearing on a summary judgment motion is purely within the discretion of the trial judge." *Giese v. NCNB Tex. Forney Banking Ctr.*, 881 S.W.2d 776, 783 (Tex. App.—Dallas 1994, no pet.) (citing *Adamo v. State Farm Lloyds Co.*, 853 S.W.2d 673, 677 (Tex. App.—Houston [14th Dist.] 1993, writ denied)). As our sister court explained:

---

[4]    *See Gulf Coast Inv. Corp. v. NASA I Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988) ("Unless required by the express language or the context of the particular rule . . . the term 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court."); *see also Gordon v. Ward*, 822 S.W.2d 90, 93 (Tex. App.—Houston [1st Dist.] 1991, writ denied) ("Applying the holding in *Gulf Coast,* we cannot say that the word 'hearing,' as used in rule 166a, requires an oral hearing.").

> Unless the judge requires it, oral argument is not always necessary or desirable in summary judgment proceedings because no new evidence may be received, and oral testimony may not be considered. The trial court may only determine the merits of the summary judgment action based upon the pleadings, discovery responses, sworn affidavits, and other valid evidence submitted as grounds for the granting or denial of the motion. Hence, an oral hearing on summary judgment is little more than argument of counsel.

*Adamo*, 853 S.W.2d at 677 (internal citations omitted) (holding court did not err in denying request for oral hearing); *Harpole v. Rains Cnty. Appraisal Dist.*, No. 12-22-00221-CV, 2023 WL 3510829, at *5–6 (Tex. App.—Tyler May 17, 2023, no pet.) (mem. op.) (same).[5] Significantly, the local rules of the 61st District Court of Harris County state: "All motions for summary judgment will be heard by submission ONLY." JUDGE FREDERICA PHILLIPS COURT PROCEDURES, https://www.justex.net/section/79 (last visited August 7, 2024) (emphasis in original).

NexGen argues it did not have an opportunity to respond to the partial summary judgment motion because it was waiting for a hearing date. But there

---

[5] *See also Bosch v. Armstrong*, No. 01-08-00847-CV, 2009 WL 1635318, at *2 (Tex. App.—Houston [1st Dist.] June 11, 2009, pet. denied) (mem. op.) (noting it is within trial court's discretion whether to conduct oral hearing on summary judgment motion, stating, "Here, the trial court considered appellees' summary judgment motion under submission without an oral hearing. Bosch's due process rights were satisfied as long as he received a reasonable opportunity to present his written response and evidence.") (internal citations omitted). Notwithstanding NexGen's argument to the contrary, it had a "reasonable opportunity" to respond to the summary judgment motion, as it was served with Quanta's notice of submission and acknowledged it in its own request for hearing.

was a hearing date—a date for hearing by submission. Indeed, NexGen's request for oral hearing filed with the court reflects the January 30, 2023 submission date for the motion. The fact that NexGen and Quanta agreed to an oral hearing did not obligate the trial court to conduct one. Further, the trial court's failure to expressly rule on NexGen's motion for hearing did not "deprive NexGen of the date for a response to the summary judgment motion," as NexGen argues.

NexGen's argument that the trial court abused its discretion in failing to rule on its request for an oral hearing on the partial summary judgment is misguided. The 61st District Court's local rules require that "[a]ll motions must be set on the Court's docket by submission or oral hearing to be considered by the Court, *except* for agreed motions signed by all parties." JUDGE FREDERICA PHILLIPS COURT PROCEDURES, https://www.justex.net/section/79 (last visited August 7, 2024) (emphasis in original). NexGen's amended motion for oral hearing was not an "agreed motion signed by all parties." The record does not indicate NexGen set its amended motion for oral hearing for submission or oral hearing, as required by the trial court's rules. For these reasons, we conclude the trial court did not err in failing to explicitly rule on NexGen's the motion for oral hearing.

**B.    The Ruling on the Motion for Hearing**

NexGen's argument that the trial court's failure to rule on its amended motion for hearing was an abuse of discretion is also misguided because we

11

conclude the trial court did rule on the motion for hearing, albeit not explicitly.[6]

The court's issuance of an order granting partial summary judgment on January 30, 2023—the written submission date—constituted an implicit denial of NexGen's motion for oral hearing. *See, e.g.*, *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018) (noting that ruling may be implied if implication is "clear") (citing *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003)); *Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 316 (Tex. App.—San Antonio 2000, no pet.) (stating ruling is implicit "if it is unexpressed but capable of being understood from something else").[7] Although we have not located any cases in which a motion for oral hearing on a summary judgment motion was implicitly denied, we find the situation analogous to those in which motions for continuance are implicitly denied in the summary judgment context. *See EM Bldg. Contractors Servs., LLC v. Byrd Bldg. Servs., LLC*, No. 05-19-00153-CV, 2020 WL 4592791, at \*4 (Tex. App.—Dallas Aug. 11, 2020, no pet.) (mem. op.) (holding trial court implicitly denied motion for continuance when it granted summary judgment motion); *Stauder v. Nichols*, No.

---

[6]   Given that NexGen's amended motion for hearing superseded the original motion for hearing, we only address the amended motion for hearing. "When an amended pleading is filed, the amended pleading supersedes and supplants the prior pleading, which may no longer be considered." *Town Park Ctr., LLC v. City of Sealy*, 639 S.W.3d 170, 195 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (citing Tex. R. Civ. P. 65).

[7]   *Cf. Gen. Agents Ins. Co. of Am., Inc. v. El Naggar*, 340 S.W.3d 552, 557 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (noting that granting relief to one party which is mutually exclusive to opposing party's request for relief constitutes an implicit denial).

01–08–00773–CV, 2010 WL 2306385, at *5 (Tex. App.—Houston [1st Dist.] June 10, 2010, no pet.) (mem. op.) (holding that by "proceeding to submission" of summary judgment motion, trial court implicitly denied motion for continuance); *Roper v. CitiMortgage, Inc.*, No. 03-11-00887-CV, 2013 WL 6465637, at *15 (Tex. App.—Austin Nov. 27, 2013, pet. denied) (mem. op.) (holding trial court implicitly denied motion for continuance when it took summary judgment motion under submission); *Rest. Teams Int'l, Inc. v. MG Sec. Corp.*, 95 S.W.3d 336, 338 (Tex. App.—Dallas 2002, no pet.) (holding trial court implicitly denied motion for continuance when it held hearing on summary judgment motion and granted motion); *Hyde v. Williamson*, No. 13-03-657-CV, 2005 WL 375930, at *3 n.5 (Tex. App.—Corpus Christi–Edinburg Feb. 17, 2005, no pet.) (mem. op.) ("Although there was no ruling by the trial court expressly denying appellants' motion for continuance, we find the trial court implicitly denied the motion when it held the summary judgment hearing on the date originally set and thereafter ruled on the motion for summary judgment.") (citing TEX. R. APP. P. 33.1(a)(2)(A)).[8]

As the Fort Worth Court of Appeals explained in *Finley v. Finley*, where the appellant argued the trial court abused its discretion by failing to rule on his motion for continuance of the trial date:

---

[8] Texas Rule of Appellate Procedure 33.1(a)(2)(A) notes that a court may rule on a request, objection, or motion "either expressly or implicitly." TEX. R. APP. P. 33.1(a)(2)(A)).

> Although Finley argues that the trial court's failure to rule on his motion for continuance caused him to mistakenly believe that his motion had been granted and that the trial date had been continued, he does not cite any authority for the proposition that a motion is impliedly granted while it is pending. If anything is implied from the trial court's failure to rule on his motion, it is that his motion was denied.

No. 02-11-00045-CV, 2015 WL 294012, at *11 (Tex. App.—Fort Worth Jan. 22, 2015, no pet.) (mem. op.).[9] We thus conclude that the trial court's order granting Quanta's partial summary judgment motion was an implicit denial of NexGen's then pending amended motion for hearing and that the trial court did not abuse its discretion in denying the motion.

NexGen argues that in *FieldTurf USA, Inc. v. Pleasant Grove Independent School District*, 642 S.W.3d 829 (Tex. 2022), the court's holding indicates that "NexGen must obtain a ruling to preserve error for appeal," and thus the trial court abused its discretion by not ruling on its pending motions for hearing. In that case,

---

[9] *See also Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 696 n.3 (Tex. App.—Dallas 2008, no pet.) (holding trial court implicitly overruled request for further discovery by hearing summary judgment motion without granting continuance); *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) (holding court implicitly ruled on request for bench warrant by proceeding to trial without issuing warrant); *Favour Leasing, LLC v. Mulligan*, No. 05-13-01000-CV, 2014 WL 4090130, at *10 (Tex. App.—Dallas Aug. 19, 2014, no pet.) (mem. op.) (holding trial court implicitly denied motion for continuance by conducting special appearance hearing and denying special appearance.); *1001 W. Loop LP v. Boxer Prop. Mgmt. Corp.*, No. 14-23-00120-CV, 2024 WL 3271713, at *6 (Tex. App.—Houston [14th Dist.] July 2, 2024, no pet. h.) (mem. op.) (holding trial court implicitly denied motion for continuance by holding hearing on motion to strike pleadings and granting motion); *Spicer v. Maxus Healthcare Partners, LLC*, 616 S.W.3d 59, 132 n.109 (Tex. App.—Fort Worth 2020, no pet.) (noting trial court implicitly denied motion for take-nothing judgment).

the court held that a trial court's on-the-record oral ruling sustaining an objection to summary judgment evidence was sufficient to strike the evidence from the summary judgment record even though the ruling was not reduced to writing. *Id.* at 831. *FieldTurf* did not address implicit rulings; as such, it is not applicable to the present case. The other cases upon which NexGen relies are also distinguishable. *Eli Lilly* contemplates a scenario when an oral hearing is required. *See Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (holding trial court abused its discretion in refusing to conduct oral hearing on discovery motion as required by Texas Rule of Civil Procedure 76a). And *Barnes* and *Kelly* do not contemplate the possibility of implied rulings such as the one that trial court made here. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, no writ) (orig. proceeding) (denying mandamus relief, holding relator did not provide record that showed it asked trial court for hearing and ruling on his motions and trial court refused to hold hearing and rule); *Kelly v. Hinson*, 387 S.W.3d 906, 913 (Tex. App.—Fort Worth 2012, pet. denied) (holding trial court erred in failing to set hearing and rule on properly-filed pending motion to compel arbitration).

We conclude the trial court implicitly denied NexGen's motion for oral hearing and that it did not abuse its discretion in ruling on Quanta's partial summary judgment motion by submission.

15

## C.    The Rule 11 Agreement

NexGen argues that because Quanta agreed via Texas Rule of Civil Procedure 11 to a hearing on its partial summary judgment motion, it was not required to respond to the motion based on the January 30, 2023 setting.  We are unpersuaded by this argument.  It is undisputed that Quanta's motion was set for submission on January 30, 2023, and thus, under Rule 166a, NexGen was required to "file and serve opposing affidavits or other written response" by "not later than seven days prior to the day of hearing."  TEX. R. CIV. P. 166a(c).  NexGen's amended motion for hearing did not extend this deadline.[10]

Nor are we swayed by NexGen's argument that Quanta violated the Rule 11 Agreement.  NexGen relies on *Padilla v. LaFrance*, 907 S.W.3d 454 (Tex. 1995) in making that argument, but its reliance on *Padilla* is misplaced.  *Padilla* holds that a trial court can enforce a Rule 11 agreement even if consent has been revoked by one party:

> Although a court cannot render a valid agreed judgment absent consent at the time it is rendered, this does not preclude the court, after proper notice and hearing, from enforcing a settlement agreement complying with Rule 11 even though one side no longer

---

[10]    Texas Rule of Civil Procedure 11 provides:

> Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

TEX. R. CIV. P. 11.

consents to the settlement. The judgment in the latter case is not an agreed judgment, but rather is a judgment enforcing a binding contract.

*Id.* at 461. In *Padilla*, the court held that a "series of letters" between counsel were "sufficient to constitute an agreement in writing satisfying Rule 11." *Id.* at 460. *Padilla* does not address the circumstances here, where parties enter into a Rule 11 Agreement asking the trial court to hold a hearing on a summary judgment motion rather than consider the motion by submission as required under the local rules.

While we understand that the parties entered into a Rule 11 Agreement to request an oral hearing, the trial court's implicit denial of the motion for oral hearing is not tantamount to Quanta's revocation of its consent to the agreement.[11] Nor can we say the trial court abused its discretion in following its own local rules by hearing the summary judgment motion by submission, or in failing to explicitly rule on the motion for oral hearing before doing so. The Rule 11 Agreement was binding on the parties, but not on the trial court. *See generally Hamilton v. Hamilton*, 280 S.W.2d 588, 591 (Tex. 1955) ("Agreement of counsel with respect to consolidation of causes is, of course, not binding on the court. The Rules of Civil Procedure bestow upon the trial courts broad discretion in the matter of consolidation and severance of causes."); *Draper v. Guernsey*, No. 03-16-00745-CV, 2017 WL 2224540, at *4 (Tex. App.—Austin May 18, 2017, pet. denied)

---

[11] Nor do we fault Quanta for "declin[ing] to join in a request to set aside the [signed summary judgment] order."

17

(mem. op.) ("While Rule 11 agreements are enforceable contracts, and the trial court generally has a ministerial duty to enforce them . . . we are also cognizant that the decision to grant a motion for continuance is within the trial court's sound discretion . . . and Rule 11 agreements setting hearing dates do not implicitly foreclose the possibility of a continuance in appropriate circumstances[.]") (internal citations omitted). NexGen's reliance "on its agreement with Quanta in expecting the trial court to set the date for the summary judgment hearing" may have been unfortunate, but it is not reversible error, given the trial court's discretion to set summary judgment motions for hearing by submission.

We hold the trial court did not abuse its discretion in failing to explicitly rule on NexGen's motion for oral hearing, and that the trial court implicitly denied the motion for oral hearing in any event. We overrule NexGen's first issue.

## The Motion for Partial Summary Judgment

In its second and fifth issues, NexGen complains of the trial court's granting of Quanta's motion for partial summary judgment. In reviewing the granting of a summary judgment, "we indulge every reasonable inference from the evidence in favor of the non-movant, resolve any doubts arising from the evidence in its favor, and take as true all evidence favorable to it." *Wilson v. Davis*, 305 S.W.3d 57, 65 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing *Malcomson Rd. Util. Dist. v. Newsom*, 171 S.W.3d 257, 263 (Tex. App.—Houston [1st Dist.] 2005, pet.

18

denied)).  If a summary judgment does not specify the grounds upon which it was granted, we will affirm it if any grounds upon which the judgment could be based is meritorious.  *Id.*  (citing *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995)).

## A.    The No-Evidence Motion for Summary Judgment[12]

Quanta's summary judgment motion was both traditional and no-evidence with respect to NexGen's counterclaims for breach of contract and fraud.  When, as here, a "hybrid" summary judgment is filed based upon both no-evidence and traditional grounds, we first review the summary judgment using the no-evidence review.  *Jones v. Found. Surgery Affiliates of Brazoria Cnty.*, 403 S.W.3d 306, 311 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)).  If the non-movant fails to proffer more than a scintilla of evidence as required by Texas Rule of Civil Procedure 166a(i), we need not analyze whether the movant's traditional summary judgment has merit and whether the movant satisfied the evidentiary burden set forth in Rule 166a(c).  *Id.*

We employ a legal sufficiency standard of review for a no-evidence summary judgment, which is "essentially a directed verdict granted before trial[.]"

---

[12]    Quanta asserts in its brief that it filed a no-evidence summary judgment motion on all three of NexGen's counterclaims, but the no-evidence portion of the summary judgment motion did not address NexGen's declaratory judgment counterclaim.

*Id.*; *see also City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005) ( "[T]he test for legal sufficiency should be the same for summary judgments, directed verdicts, judgments notwithstanding the verdict, and appellate no-evidence review."). A no-evidence summary judgment must be affirmed if the record shows any of the following:

> (1) there is no evidence on the challenged element; (2) the evidence offered to prove the challenged element is no more than a scintilla; (3) the evidence establishes the opposite of the challenged element; or (4) the court is barred by law or the rules of evidence from considering the only evidence offered to prove the challenged element.

*Jones*, 403 S.W.3d at 311 (citing *Keller*, 168 S.W.3d at 810).

Quanta's no evidence motion for summary judgment asserts there is no evidence of a specific element of NexGen's breach of contract and fraud counterclaims. Because NexGen failed to respond to the no-evidence summary judgment motion, we hold the trial court properly granted the no-evidence motion for summary judgment as to those two counterclaims. *See Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (noting when proper no-evidence summary judgment motion is filed, "summary judgment must be rendered absent a timely and legally adequate response by the nonmovant."); *Lazenby v. Lexus of Clear Lake*, No. 14-05-00573-CV, 2006 WL 462134, at *1 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, pet. denied) (mem. op.) ("Because Lazenby failed to produce evidence in response to Lexus' no-

evidence motion for summary judgment, we affirm" the grant of summary judgment); *Martinez v. Leeds*, 218 S.W.3d 845, 849 (Tex. App.—El Paso 2007, no pet.) (noting because appellant failed to respond to appellees' no-evidence motion for summary judgment, trial court was required to grant motion); *Lynn v. Ferguson*, No. 07-24-00030-CV, 2024 WL 3853457, at *2 (Tex. App.—Amarillo Aug. 16, 2024, no pet. h.) (mem. op.) ("Because Lynn failed to present any evidence responding to the no-evidence motion for summary judgment, the trial court was obligated to grant the summary judgment on Lynn's causes of action[.]").

## B.     The Traditional Motion for Summary Judgment

### 1.     Defects in the Motion

Quanta sought traditional summary judgment with respect to its claims against NexGen and NexGen's counterclaims. We review a traditional summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). "The party moving for traditional summary judgment bears the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law." *Id.* (citing TEX. R. CIV. P. 166a(c)). A genuine issue of material fact is raised when the nonmovant produces more than a scintilla of evidence establishing the existence of the challenged element. *Fort*

21

*Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004) (citing

*Ford Motor Co.*, 135 S.W.3d at 600).  Although the non-movant need not respond

to a traditional summary judgment motion, it can only prevail if the movant did not

satisfy its evidentiary burden.  *See Whittington v. City of Austin*, 174 S.W.3d 889,

895 (Tex. App.—Austin 2005, pet. denied) ("The nonmovant has no burden to

respond to a traditional summary judgment motion unless the movant conclusively

establishes its cause of action or defense.").  Moreover, the non-movant cannot

present issues on appeal of the summary judgment that it did not argue in the trial

court.  *See* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial

court by written motion, answer or other response shall not be considered on

appeal as grounds for reversal.").

NexGen argues that Quanta's summary judgment motion "was vague,

ambiguous, unspecific, and falls short of the requirements" of Rule 166a(c).[13]

NexGen apparently contends the judgment should be reversed because Quanta did

not identify each element of each cause of action in its traditional summary

judgment motion.  Rule 166a(c), unlike Rule 166a(i), imposes no such

requirement.[14]  Rather, Rule 166a(c) requires the movant to establish that there is

---

[13]    NexGen does not provide examples of the purported defects in the summary
       judgment motion.

[14]    Texas Rule of Civil Procedure 166a(i) requires a no-evidence summary judgment
       motion to "state the elements as to which there is no evidence."  TEX. R. CIV. P.
       166a(i).  Rule 166a(c) requires the movant to establish "there is no genuine issue

22

no genuine issue of material fact. TEX. R. CIV. P. 166a(c). The motion for summary judgment is required to "state the specific grounds therefor." *Id.* Quanta's motion for traditional summary judgment states that the master services agreement "unambiguously excludes from Quanta's scope of work any obligation that Quanta's drawings meet the various permitting requirements for the Project," entitling it to relief for its breach of contract claim because NexGen did not pay Quanta for its drawings, and declaratory relief declaring, among other things, that Quanta's drawings complied with the agreement. We thus conclude Quanta sufficiently stated the grounds upon which it sought summary judgment.

The cases upon which NexGen relies are inapposite. In *McConnell v. Southside Independent School District*, 858 S.W.2d 337, 338, 341 (Tex. 1993), the court held that a summary judgment motion, and not the accompanying brief, must identify the "specific grounds for summary judgment." In its motion, the movant stated only there were "no genuine issues as to any material facts." *Id.* at 338. The court held the motion was deficient even though the accompanying memorandum of law presented the specific grounds for the motion. *Id.* at 340. In the present case, the specific grounds for relief were presented in the motion itself, thus *McConnell* is distinguishable.

---

as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion. . . ." TEX. R. CIV. P. 166a(c).

23

And in *Black v. Victoria Lloyds Insurance Co.*, 797 S.W.2d 20, 27 (Tex. 1990), the court held it was error for the trial court to grant summary judgment on causes of action the motion "failed to identify or address." The court stated the motion was deficient because although it purported to address all causes of action, it "failed to identify or address the causes of action for violations of the DTPA and the Insurance Code, negligence, gross negligence and breach of duty of good faith and fair dealing or their elements." *Id.* We decline to interpret *Black* as imposing a requirement that each element of each cause of action be identified in a traditional summary judgment motion. *See Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 704 (Tex. 2021) ("The question is whether Li sufficiently preserved the issue of arbitrary enforcement . . . for review by arguing the issue's substance, even though she did not specify the statutory subpart on which she now focuses or couch her argument in the subpart's terminology. We hold that she did. . . . [S]he argued the issue's substance despite not calling it by name.").

Further, by failing to object in the trial court that the traditional summary judgment motion was vague, ambiguous, or not sufficiently specific, NexGen waived its ability to do so on appeal. *See Lochabay v. Southwestern Bell Media, Inc.*, 828 S.W.2d 167, 170 n. 2 (Tex. App.—Austin 1992, no writ) ("Lochabay did not except to the motion for summary judgment, as he was required to do if he wished to claim lack of specificity.") (citing TEX. R. CIV. P. 90); *McConnell*, 858

24

S.W.2d at 342 ("[A]n exception is required should a non-movant wish to complain on appeal that the grounds relied on by the movant were unclear or ambiguous.") (citing *Lochabay*, 828 S.W.2d at 170 n.2). "If a nonmovant fails to file a [summary judgment] response, the only issue it may raise on appeal is that the movant has failed to carry its burden of proof." *Dixon v. Hous. Raceway Park, Inc.*, 874 S.W.2d 760, 762 (Tex. App.—Houston [1st Dist.] 1994, no writ) (citing *City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)); *see also Bauer v. Jasso*, 946 S.W.2d 552, 555 (Tex. App.—Corpus Christi–Edinburg 1997, no writ) ("[T]he only defect a nonmovant may raise for the first time on appeal is the legal insufficiency of the summary judgment proof to support the specific grounds stated in the motion.") (citing *Duckett v. Bd. of Trs., City of Hous. Firemen's Relief & Ret. Fund*, 832 S.W.2d 438, 440 (Tex. App.—Houston [1st Dist.] 1992, writ denied)). We thus conclude that NexGen's argument as to defects in the summary judgment motion were not preserved and lacks merit.

## 2. The Judicial Admission

NexGen argues that a paragraph in Quanta's motion for summary judgment contained "an admission that genuine issues of material fact were unresolved." The paragraph of which NexGen complains states:

> Quanta has discovered new information, particularly the evidence from Kurt Manos ("Manos"), a member of Nex[G]en, its former Director of Information Technology, and the twin brother of Nex[G]en's founder and principal, Kevin Manovich. Manos'

25

testimony shines a light on the fraud being perpetuated by Nex[G]en on both Quanta and this Court. Manos, who approached Quanta on his own to "set the record straight," finally voiced what should have been obvious from the start: Nex[G]en never paid, not because of any alleged breach or fraud by Quanta, but *because it never intended to*. Manos testified that Nex[G]en did not pay, and never intended to pay Quanta, *because it never had the money*. Instead, Nex[G]en, apparently as its business model, attempted to use the work and efforts of Quanta and others in order to will its fanciful Project into existence.

(Emphasis in original.) NexGen does not explain how the excerpted part of Quanta's motion "injected new factual issues in the case, genuine or not, precluding the grant of summary judgment by the trial court." Indeed, Quanta argues the summary judgment motion did not depend on Manos' testimony, which simply provided "background 'color'" for its no-evidence summary judgment motion on damages. We conclude that NexGen did not establish that this paragraph created genuine issues of material fact to prevent the granting of summary judgment. And further, having failed to respond to the summary judgment motion, NexGen is precluded from arguing an issue here that was not "expressly presented" to the trial court in a summary judgment response. TEX. R. CIV. P. 166a(c).

### 3. The Deposition Testimony

NexGen next argues that Quanta's summary judgment should not have been granted as to NexGen's counterclaims because it was dependent on the testimony of a nonparty whose "untested deposition testimony . . . presented information

26

contrary to facts already on the record."[15] NexGen further argues that because the testimony was "contradictory," there was a genuine issue of material fact that precluded the granting of the summary judgment motion.

NexGen complains of the testimony of Kurt Manos, NexGen's former director of information technology and the brother of NexGen's founder and principal. NexGen avers Quanta's summary judgment motion relied on Manos' testimony to challenge NexGen's counterclaims, and that by granting summary judgment, the trial court relied "on a witness of questionable credibility and no integrity." According to NexGen, Manos "provided information contradicting facts already in the record submitted with NexGen's pleadings and in response to Quanta's previous motion for partial summary judgment, which the trial court denied."

Although NexGen argues summary judgment was improperly granted because there was a genuine issue of material fact, it does not adequately explain what the issue of material fact was. It states only that the genuine issue of material fact that should have precluded the granting of summary judgment was "the divergence in the facts as provided by NexGen and its expert, versus contradictory

---

[15] We have already held that NexGen's counterclaims of fraud and breach of contract were disposed of via Quanta's motion for no-evidence summary judgment. Thus, this analysis is pertinent only to NexGen's declaratory action counterclaim, which sought a declaratory judgment that "Nex[G]en is not liable for performance or nonperformance" of the master services agreement as a matter of law.

27

testimony of a relative of the NexGen CEO that should have waved red flags to counsel." NexGen states that Manos' testimony contradicted facts in the record submitted with NexGen's pleadings and in response to Quanta's first motion for partial summary judgment. NexGen does not identify the "contradicted facts" or cite to its pleadings or anywhere else in the record. Given the lack of citation to the record, and the failure to clearly articulate this argument, we hold this argument is waived. TEX. R. APP. P. 38.1(i); *see also Canton–Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("It is not this court's duty to review the record, research the law, and then fashion a legal argument for appellant when she has failed to do so.") (citation omitted); *Smale v. Thurman*, No. 12-20-00202-CV, 2021 WL 5115353, at *8 (Tex. App.—Tyler Nov. 3, 2021, no pet.) (mem. op.) (noting court of appeals is not responsible "for searching the record for facts or for conducting legal research that may be favorable to a party's position"); *Guimaraes v. Brann*, 562 S.W.3d 521, 538 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) ("Failure to cite to appropriate legal authority or to provide substantive analysis of the legal issues presented results in waiver of a complaint on appeal.").

Even in the absence of briefing waiver, NexGen would not prevail on this point.[16, 17]  As Quanta argues, NexGen cannot argue for the first time on appeal that Manos' testimony "can be disbelieved."  We agree.  *See* TEX. R. CIV. P. 166a(f) ("Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend."); *see also CMS Consultants, LLC v. EPM Disaster Recovery Team, LLC*, No. 14-22-00101-CV, 2023 WL 5487941, at \*5 (Tex. App.—Houston [14th Dist.] Aug. 24, 2023, no pet.) (mem. op.) (holding appellant failed to preserve complaint that summary judgment affidavit was from "an interested witness and his affidavit testimony is not clear, positive, direct, credible, free from contradiction and susceptible from being readily controverted" because he did not object to affidavit in trial court); *Shepherd v. Mitchell*, No. 05-14-01235-CV, 2016 WL 2753914, at \*3 (Tex. App.—Dallas May 10, 2016, pet.

---

[16]  Quanta argues its summary judgment motion was not dependent on Manos' testimony, that it did not cite Manos' testimony in "laying out its traditional summary judgment arguments," and the summary judgment granted by the court did not depend on his testimony. Quanta concedes Manos' testimony "might have been relevant to Quanta's fraud claim, but Quanta did not seek summary judgment on its fraud claim."  Quanta further argues Manos' testimony did not create questions of fact that would preclude the granting of its summary judgment motion and "his credibility is irrelevant."

[17]  *See Hall v. F.A. Halamicek Enters., Inc.*, 669 S.W.2d 368, 371 (Tex. App.—Corpus Christi–Edinburg 1984, no writ) ("The trial court is not required to ascertain the credibility of affiants or to determine the weight of evidence in the affidavits, depositions, exhibits and other summary judgment proof. The only question is whether or not an issue of material fact is presented.").

29

dism'd w.o.j.) (mem. op.) ("Objections that statements of an interested witness are not clear, positive, direct, credible, and free from contradiction are defects of form, which may not be raised for the first time on appeal.").[18]  We thus hold NexGen waived its argument as to Manos' testimony.

### 4.     NexGen's Affirmative Defenses

NexGen argues Quanta's summary judgment motion should not have been granted because the motion did not address NexGen's affirmative defenses.  But the very case upon which NexGen relies holds otherwise.  "If the party opposing a summary judgment relies on an affirmative defense, he must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment."  *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) (citing *Clear Creek Basin Auth.*, 589 S.W.2d at 678–79).  In other words, as the party opposing Quanta's summary judgment motion, NexGen was

---

[18]     NexGen cites *Casso v. Brand*, 776 S.W.2d 551 (Tex. 1989) in support of its argument that the court ran afoul of summary judgment precedent by "relying on a witness of questionable credibility and no integrity." *Casso* states:

> If the credibility of the affiant or deponent is likely to be a dispositive factor in the resolution of the case, then summary judgment is inappropriate. On the other hand, if the non-movant must, in all likelihood, come forth with independent evidence to prevail, then summary judgment may well be proper in the absence of such controverting proof.

*Id.* at 558.  NexGen argues Quanta's summary judgment motion "relied solely" on Manos' credibility, but again, does not provide any explanation or support for its argument.  Quanta argues Manos' testimony was not a dispositive factor in the summary judgment motion but, rather, "did nothing more than invite NexGen to 'come forth with independent evidence' of its damages."

30

charged with establishing through summary judgment evidence that there was a fact issue on each element of its affirmative defenses. By failing to respond to the summary judgment motion, NexGen failed to establish a fact issue on its affirmative defenses. It was not, as NexGen argues, up to Quanta to prove there were no fact issues with respect to NexGen's affirmative defenses. *See Anglo-Dutch Petroleum Int'l, Inc. v. Haskell*, 193 S.W.3d 87, 95 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("If a defendant wishes to assert an affirmative defense to the summary judgment motion, it must urge the defense in its response and provide enough summary judgment evidence to create a fact issue on each element of the defense.") (citing *Beathard Joint Venture v. W. Hous. Airport Corp.*, 72 S.W.3d 426, 434 (Tex. App.—Texarkana 2002, no pet.)); *Holmes v. Graham Mortg. Corp.*, 449 S.W.3d 257, 264 (Tex. App.—Dallas 2014, pet. denied) ("The mere pleading of an affirmative defense—or many affirmative defenses—cannot defeat a motion for summary judgment. Instead, the defendant 'must come forward with evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment.'") (internal citation omitted) (quoting *Brownlee*, 665 S.W.2d at 112). Given NexGen's failure to file a response establishing a fact issue on any of its affirmative defenses, the trial court did not err in granting Quanta's summary judgment motion.

31

### 5. Summary Judgment by Default

NexGen also argues the trial court erroneously granted "summary judgment by default." The Texas Supreme Court has held that if the movant in a traditional summary judgment proceeding fails to satisfy its evidentiary burden, the nonmovant need not respond or present evidence to counter the motion, and summary judgment in those circumstances cannot be granted based on the nonmovant's failure to file a response. "[S]ummary judgments must stand or fall on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right" to judgment. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511–12 (Tex. 2014) (quoting *McConnell*, 858 S.W.2d at 343); *see also Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999) ("The trial court may not grant summary judgment by default because the nonmovant did not respond to the [traditional] summary judgment motion when the movant's summary judgment proof is legally insufficient.").

In support of its argument, NexGen asserts the trial court's failure to respond to its request for hearing on the partial summary judgment motion and issuance of an order granting the partial summary judgment despite the parties' request for an oral hearing "constitutes a breach of Rule 166a(c)." But as explained above, the trial court was not required to hold an oral hearing on the motion. Moreover, the

motion was set for submission originally on January 9, 2023. NexGen had notice of the submission date, and while it filed a motion for continuance of the initial submission date, it did not file a motion for continuance with respect to the later January 30, 2023 submission date. Nor did it file a motion prior to the submission date to file a late-filed summary judgment response. *See* TEX. R. CIV. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."). Notwithstanding the parties' agreement to request an oral hearing, NexGen relied on the potential setting of an oral hearing at its own risk.[19]

Moreover, although the trial court could have denied Quanta's motion based on the failure to satisfy its evidentiary burden with respect to its traditional summary judgment motion, thus eliminating the need for a response from NexGen, the trial court did not do so. And NexGen does not attack the legal sufficiency of Quanta's summary judgment proof on appeal. *See Weekley Homes, LLC v. Paniagua*, 646 S.W.3d 821, 826 (Tex. 2022) ("[A] non-movant who fails to raise any issues in response to a summary judgment motion may still challenge, on appeal, 'the legal sufficiency of the grounds presented by the movant.'") (quoting *Amedisys*, 437 S.W.3d at 512); *Clear Creek Basin Auth.*, 589 S.W.2d at 678

---

[19] The Harris County District Court Local Rules provide that motions "may be heard by written submission." Harris County Local Rule 3.3.3, https://www.justex.next/generalinfo/8 (last visited August 9, 2024).

33

(providing that if nonmovant fails to file response to traditional summary judgment motion, nonmovant can attack only legal sufficiency of movant's summary judgment evidence on appeal).

We overrule NexGen's second and fifth issues.

## The Order of Nonsuit and Final Judgment

In its third issue, NexGen argues that the trial court's April 21, 2023 order of nonsuit ("Order") was not a final judgment because it "does not say it is a 'final judgment.'"[20] Relying on *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001), NexGen argues the Order is "ambiguous at best" and "does not qualify as a final judgment" because it does not contain a Mother Hubbard clause.[21] Quanta, also relying on *Lehmann*, argues the Order (1) "actually disposes of all claims and parties before the court," and (2) "states with unmistakable clarity that it is a final

---

[20] If as NexGen argues, the judgment is not final, we would lack jurisdiction over its appeal. *See Palavan v. McCulley*, No. 01-14-00604-CV, 2015 WL 1544520, at *1 (Tex. App.—Houston [1st Dist.] Apr. 2, 2015, no pet.) (mem. op.) (holding appellate court lacked jurisdiction over appeal in the absence of a "final, appealable judgment.").

[21] A "Mother Hubbard" clause is the statement "'all relief not granted is denied', or essentially those words." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 203 (Tex. 2001). The inclusion of a Mother Hubbard clause is not determinative in the analysis of whether an appeal is final. "Finality of a judgment can no longer be determined solely by the existence of a "Mother Hubbard" clause . . . ." *In re J.D.*, 304 S.W.3d 522, 524 (Tex. App.—Waco 2009, no pet.). The Supreme Court held in *Lehman* that "the inclusion of a Mother Hubbard clause . . . does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal." *Id.* at 203–04.

34

judgment as to all claims and all parties."[22] The Order states in pertinent part:

> This Order does not affect modify, or release, in any way, any of the Court's prior Orders, including the Court's January 30, 2023 Order Granting Quanta's Traditional and No-Evidence Motion for Partial Summary Judgment (the "MSJ Order").

> This Order, which explicitly incorporates the MSJ Order, finally disposes of all claims and all parties and is appealable.

In *Lehmann*, the Supreme Court observed that "an order can be a final judgment for appeal purposes even though it does not purport to be if it actually disposes of all claims still pending in the case." 39 S.W.3d at 204. In other words, the title "final judgment" is not required for a document to be a final judgment. *See In re Elizondo*, 544 S.W.3d 824, 825, 829 (Tex. 2018) (orig. proceeding) (holding "Order on Defendants' Summary Motion to Remove Invalid Lien" was final judgment because it included finality language); *In re Daredia*, 317 S.W.3d 247, 249 (Tex. 2010) (orig. proceeding) (holding "Default Judgment" was final judgment because its language "clearly and unequivocally indicates that it is intended to be final"); *In re J.D.*, 304 S.W.3d 522, 524 (Tex. App.—Waco 2009,

---

[22] Quanta cites the test enumerated by the Supreme Court in *Lehmann* for determining whether a judgment is final:

> [W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties.

*Id.* at 205.

no pet.) (noting "status of an order" cannot be "conclusively determined by its title, either 'final' or interlocutory'").

*Lehmann* contemplated virtually identical finality language to that in the present final judgment. "A statement like, 'This judgment finally disposes of all parties and all claims and is appealable', would leave no doubt about the court's intention." *Lehmann*, 39 S.W.3d at 206. The Order in the present case states: "This Order . . . finally disposes of all claims and all parties and is appealable." *Lehmann* clearly indicates the language in the Order "leave[s] no doubt about the court's intention." *Id.*

Although NexGen does not argue that the Order left any substantive claim unresolved, it argues the judgment is not final because NexGen filed a "Motion for Reconsideration, Motion for New Trial and a Notice of Appeal within the time specified by [Texas Rule of Civil Procedure] 329b" and the Order does not address "pending procedural motions, which in the matter of summary judgment litigation, effects the finality of the purported final judgment." NextGen does not provide any authority for this argument, and we have not found any that indicates a final judgment cannot be signed when a motion for reconsideration is pending.[23, 24]

---

[23]    NextGen cites generally to *Lehmann*, *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256 (Tex. 2020), and *Wheeler v. Green*, 157 S.W.3d 439 (Tex. 2005) but we do not find those cases to be dispositive of this argument.

[24]    Quanta argues that there were no "pending" procedural motions "that would have warned the district court not to enter a final judgment," and that NexGen had yet

However, it is well settled that "[a] pending motion for new trial does not render a final judgment not final." *In re M.T.R.*, 579 S.W.3d 548, 563 (Tex. App.— Houston [14th Dist.] 2019, pet. denied) (citations omitted). We see no reason to treat a motion for reconsideration differently.

We overrule NexGen's third issue.

## The Motion for New Trial

In its fourth issue, NexGen argues the trial court's failure to grant NexGen's motion for new trial was an abuse of discretion. *See In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (noting denial of motion for new trial typically is reviewed for abuse of discretion) (citing *Director, State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994)). NexGen argues that it is entitled to a new trial based on *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939), in which the Supreme Court held that a default judgment should be set aside if the defendant establishes "(1) the failure to answer was not intentional or the result of conscious indifference, but the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no undue delay or otherwise injure the plaintiff." *Carpenter v. Cimarron*

to set its motion for reconsideration for submission when the final judgment was signed. The order of nonsuit was signed on April 21, 2023, the same day NexGen filed a notice of submission for its motion for reconsideration. It is unclear what time the trial court signed the order, but the notice of submission was filed at 6:08 p.m. Quanta avers in its brief that the notice of submission was filed after the order of nonsuit was signed.

37

*Hydrocarbons Corp.*, 98 S.W.3d 682, 685 (Tex. 2002) (citing *Craddock*, 133 S.W.2d at 126).[25] NexGen argues it complied with *Craddock* by

> (1) showing the failure to answer was not intentional, but relied on the obligation of the trial court to rule on its motions; (2) NexGen has meritorious defenses, which had previously defeated summary judgment; and (3) granting the new trial could not occasion delay or injure Quanta, which did not present a basis for finding no genius issue of material fact."

We are not persuaded by NexGen's argument for three reasons.

First, NexGen did not file a verified motion to set aside the summary judgment based on *Craddock*, obtain a hearing on a *Craddock* motion, or raise *Craddock* in the court below. *See Tex. Underground Utils., Inc. v. Sw. Bell Tel. Co.*, No. 01-19-00814-CV, 2021 WL 3356847, at *3 (Tex. App.—Houston [1st Dist.] Aug. 3, 2021, pet. denied) (mem. op.) ("To successfully challenge a default judgment, the defaulting party must allege the three *Craddock* requirements and support them with sworn proof."); *Polignone v. Bulldog Chemicals, LLC*, No. 01-16-00633-CV, 2018 WL 4128002, at *4 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet.) (mem. op.) ("[T]o prevail on a motion for new trial under *Craddock*, the defaulting party must (1) allege facts and attach affidavits to a verified motion to set aside the default judgment or motion for new trial that would meet the three

---

[25]     *See Simmons v. McKinney*, 225 S.W.3d 706, 709 (Tex. App.—Amarillo 2007, no pet.) ("When the guidelines of *Craddock* have been met, it is an abuse of discretion to deny a new trial.") (citing *Tanknology/NDE Corp. v. Bowyer*, 80 S.W.3d 97, 100 (Tex. App.—Eastland 2002, no pet.)).

*Craddock* requirements or (2) present evidence at the hearing on its motion that meets those requirements."). "To complain that the trial court abused its discretion by failing to grant a motion for new trial under the *Craddock* rule, the movant must obtain a hearing on its motion." *Century Sports Wears, Inc. v. Wallis Bank*, No. 02-20-00201-CV, 2021 WL 1685957, at *2 (Tex. App.—Fort Worth Apr. 29, 2021, pet. denied) (mem. op.) (citing *In re the Marriage of Adamski*, No. 14-16-00099-CV, 2017 WL 3158949, at *3–4 (Tex. App.—Houston [14th Dist.] June 25, 2017, no pet.) (mem. op.)). "Failure to use diligence to obtain a hearing results in waiver of the point on appeal because the trial court was not given the opportunity to exercise its discretion before the motion was overruled by operation of law." *Id.; see also Seven-Thousand Eight-Hundred Twenty-Six Dollars in United States Currency v. State*, No. 03-16-00089-CV, 2016 WL 4628053, at *2 (Tex. App.—Austin Aug. 31, 2016, pet. denied) (mem. op.) ("In order to complain that the trial court abused its discretion by failing to grant a motion for new trial on the equitable principles foundational to the *Craddock* rule, the movant must obtain a hearing on its motion."). The record does not reflect that NexGen attempted to obtain a hearing to argue a motion for new trial based on *Craddock*.[26] Indeed,

---

[26] *See Limestone Constr., Inc. v. Summit Com. Indus. Props., Inc.*, 143 S.W.3d 538, 544 (Tex. App.—Austin 2004, no pet.) (noting "bare allegations of lack of notice [of a summary judgment motion and hearing] do not suffice; instead, the nonmovant must offer evidence, either in the form of an affidavit or live testimony" to prevail on motion for new trial based on *Craddock*).

NexGen did not make any argument in the lower court based on *Craddock*.[27] *See Dailey v. Dailey*, No. 01-13-00923-CV, 2014 WL 4260543, at \*2 (Tex. App.—Houston [1st Dist.] Aug. 28, 2014, no pet.) (mem. op.) (noting *Craddock* challenge cannot be raised for first time on appeal); *Gammill v. Fettner*, 297 S.W.3d 792, 802 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding defendant's failure to raise *Craddock* argument in motion for new trial failed to preserve argument for review).

Second, even if the issue had been preserved, NexGen's brief lacks a single citation to the record with respect to the *Craddock* elements. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). NexGen's *Craddock* argument also fails to address all three elements of the *Craddock* test. For example, NexGen states only with respect to the second factor that "NexGen has meritorious defenses, which had previously defeated summary judgment[.]" *See Pursley v. Jeffry*, No. 07-99-0169-CV, 2000 WL 19336, at \*4 (Tex. App.—Amarillo Jan. 13, 2000, no pet.) ("If [appellant] had merely alleged she had a meritorious defense, that would be inadequate to meet the second prong of the *Craddock* test.") (citing *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966) ("The motion [for new trial] must allege [f]acts which in law would constitute a defense

---

[27] NexGen did not make a *Craddock* argument in its motion for reconsideration.

40

to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense.")).

Third, although *Craddock* applies in limited circumstances in the summary judgment context, this is not one of those circumstances. The Supreme Court has held *Craddock* "does not apply to a motion for new trial filed after judgment has been granted on a summary-judgment motion to which the nonmovant failed to timely respond when the movant had an opportunity to seek a continuance or obtain permission to file a late response." *Carpenter*, 98 S.W.3d at 686. *Carpenter* is instructive. Carpenter moved for summary judgment on March 15, ten days after Cimarron's counsel withdrew. *Id.* at 684. An April 30 hearing was set on the motion. *Id.* After Cimarron retained new counsel, the summary judgment hearing was reset to June 4, making its summary judgment response due May 28. *Id.* On June 2, Cimarron's counsel learned a summary judgment response had not been filed. *Id.* On the day of the hearing, Cimarron filed a motion for leave to file an untimely response and a motion for continuance. *Id.* at 685. The trial court denied both motions and granted the summary judgment motion. *Id.* Cimarron filed a motion for new trial, arguing the trial court abused its discretion in denying Cimarron's motions and alternatively that the summary judgment should be set aside on *Craddock* grounds. *Id.* The trial court denied the

motion for new trial after an evidentiary hearing. *Id.* The court of appeals reversed based on *Craddock. Id.* The Supreme Court held the court of appeals had erred in applying *Craddock* because "the rules provided the plaintiff an opportunity to obtain leave to file a late response to the summary-judgment motion." *Id.* at 684.[28] The court disapproved of appellate decisions holding the *Craddock* factors must be met when a nonmovant "is aware of its mistake at or before the summary-judgment hearing and thus has an opportunity to apply for relief under our rules." *Id.* at 686. The Supreme Court further concluded the *Craddock* standard did not apply to Cimarron's motion for new trial "because our rules provided Cimarron an opportunity before judgment was rendered to obtain a continuance or leave to file an untimely response." *Id.* at 688.

NexGen had notice of the submission date for Quanta's partial summary judgment motion and it confirmed as much in its amended request for oral hearing. As Quanta notes, even after NexGen's summary judgment response deadline passed, it still had a week before the submission date to seek leave to file a late response, but it did not do so. Nor did NexGen file a motion for continuance of the

---

[28] The trial court's denial of Cimarron's motion for leave to file a late response and motion for continuance were subject to review for abuse of discretion. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 685 (Tex. 2002); *see also Ready v. Alpha Bldg. Corp.*, 467 S.W.3d 580, 583 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (noting when *Craddock* was inapplicable, party's recourse under *Carpenter* was to "seek appellate review of the trial court's rulings under the usual abuse-of-discretion standard").

submission date. The trial court was under no obligation to grant an oral hearing on the summary judgment motion. With the submission date looming, NexGen could have filed a motion for leave to file a late response or a motion for continuance. Its failure to do so was fatal to its *Craddock* argument.

We overrule NexGen's fourth issue.[29]

## Damages and Attorneys' Fees

In its sixth issue, NexGen argues the trial court erred in awarding damages and attorneys' fees. But Quanta did not request, and the trial court did not award, attorneys' fees. With respect to damages, NexGen argues that any award of damages to Quanta is "manifestly too large" because Quanta breached its contract before NexGen's alleged breach by nonpayment and because NexGen's expert "established that Quanta's work was defective."

NexGen asserts that "partial summary judgment was granted based on a clearly questionable witness with ulterior motives," but it does not identify the witness.[30]

We hold this argument was waived because it does not comport with Texas Rule of Appellate Procedure 38.1(i) ("The brief must contain a clear and concise

---

[29] Because NexGen does not raise on appeal regarding any substantive reasons the motion for new trial should have been granted, we do not address the merits of the motion itself.

[30] NexGen avers in its damages argument that the motion for new trial should have been granted to cure the damages error but it does not argue about damages in its briefing regarding the trial court's failure to grant its motion for new trial.

argument for the contentions made, with appropriate citations to authorities and to the record."). The single record cite in NexGen's briefing of this issue is to its Motion for New Trial, where it made a virtually identical argument. Neither the Motion for New Trial nor NexGen's appellate briefing cites to the expert's testimony, the testimony of Quanta's "questionable" witness, proof of the defective nature of Quanta's performance, or proof of Quanta's damages.[31] Indeed, NexGen does not make any argument as to the reasonableness of Quanta's damages, other than to say Quanta should not have been awarded any.[32]

We overrule NexGen's sixth issue.

## Conclusion

We affirm the trial court's judgment.

---

[31] To the extent this argument argues about the interpretation of the master services agreement, that issue was not argued to the trial court in response to the summary judgment motion.

[32] The single case NexGen relies on in its damage argument is distinguishable. In *Mustang Pipeline Co., Inc. v. Driver Pipeline, Co., Inc.*, 134 S.W.3d 195 (Tex. 2004), after the jury awarded Mustang damages, Driver filed a motion to disregard the jury's damage award. *Id.* at 197. The trial court granted Driver's motion. *Id.* The court of appeals affirmed, holding that Mustang presented no evidence that its damages were reasonable. *Id.* at 200. The Supreme Court agreed that Mustang "failed to provide evidence that its out-of-pocket costs were reasonable." *Id.* at 201. In the present case, NexGen does not argue Quanta failed to present evidence that its damages were reasonable. Rather, it argues that because NexGen's performance was excused, any award of damages was "manifestly too large."

44

Veronica Rivas-Molloy
Justice

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.